UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZURICH AMERICAN INSURANCE CO. *a/s/o* ISS FACILITY SERVICES, INC., and WINN-DIXIE STORES, INC.,

Plaintiff,

v. Case No: 8:24-cv-2171-JLB-SPF

SAET SERVICES CORP.,

Defendant.
_________________________________/

**ORDER**

On September 13, 2024, Plaintiff Zurich American Insurance Co.—as a subrogee of ISS Facility Services Inc. ("ISS Facility") and Winn-Dixie Stores, Inc.—sued Defendant Saet Services Corp. ("Saet"), alleging that Saet failed to indemnify ISS Facility for a slip and fall case filed against Winn-Dixie Stores, Inc. (Doc. 1). Invoking the Court's diversity jurisdiction, the parties filed cross-motions for summary judgment. (Docs. 21, 41). The Court granted Zurich's Motion for Final Summary Judgment as to Count I (Doc. 21) of its Complaint, dismissing the remaining counts as moot, and denied Saet's Motion for Summary Judgment (Doc. 41). (Doc. 59). Plaintiff now moves (1) to reopen the case and reinstate its remaining causes of action that were dismissed as moot upon the entry of summary judgment in Plaintiff's favor on Count I (Doc. 78); and (2) for entry of final judgment

as to Count I leaving the remaining counts pending for adjudication (Doc. 82). For the reasons that follow, Plaintiff's motions are **DENIED**.

## BACKGROUND

Plaintiff filed its Complaint against Defendant Saet Services Corp. on September 13, 2024, alleging the following four counts: (1) Contractual Indemnification ("Count I"); (2) Common Law Indemnification ("Count II"); (3) Statutory Contribution *asserted in the alternative to Counts I and II* ("Count III"); and (4) Equitable Subrogation *in the alternative to Counts I, II, and III* ("Count IV"). (Doc. 1). Then, on May 1, 2025, Plaintiff filed a Motion for Final Summary Judgment as to Count I. (Doc. 21). On March 30, 2026, the Court granted Plaintiff's Motion for Final Summary Judgment as to Count I in Plaintiff's favor, dismissing the remaining claims as moot, directing Plaintiff to file a motion addressing prejudgment interest, and closing the case. (Doc. 59). And the Clerk of Court entered the judgment on March 31, 2026, which awarded Plaintiff $1,350,000 and attorneys' fees in the amount of $168,444.16, the full sum Plaintiff had requested in its Complaint. (Doc. 60).

On April 17, 2026, Plaintiff filed its Application for Award of Pre-Judgment Interest (Doc. 63) and filed a Motion to Amend the Final Judgment to include an Award of Prejudgment Interest (Doc. 69) on May 12, 2026. On May 21, 2026, Plaintiff then proceeded to file a Joint Stipulation to Enter Amended Final Judgment that Defendant had signed. (Doc. 73).

Plaintiff then filed its Motion to Reopen Case and Reinstate Remaining Causes of Action on June 22, 2026. (Doc. 78). Defendant responded in opposition. (Doc. 81). On June 25, 2026, the Magistrate Judge entered a Report recommending that the Court grant Plaintiff's Application for Award of Pre-Judgment Interest (Doc. 63) to the extent that Plaintiff would be awarded $246,880.34 in prejudgment interest, as reflected in the parties' Joint Stipulation to Enter Amended Final Judgment (Doc. 73). (Doc. 80). And the Magistrate Judge recommended that Plaintiff's Motion to Amend the Final Judgment to include an Award of Prejudgment Interest (Doc. 69) be granted as well. (Doc. 80).

On July 8, 2026, Plaintiff filed its Motion for Entry of Judgment Under Rule 54(b) asking that this Court enter partial final judgment in the case as to Count I while leaving the remaining counts pending for adjudication. (Doc. 82). Defendant responded in opposition. (Doc. 95). Importantly, on July 10, 2026, the Court adopted all of the recommendations of the Magistrate Judge's Report and entered an amended final judgment in Plaintiff's favor and against Defendant for the principal sum Plaintiff requested in its Complaint, together with prejudgment interest. (Doc. 83).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order . . . that adjudicates *fewer than all* the claims . . . does not end the action as to any of the claims . . . and may be revised at any time *before* the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b) (emphasis added). And

Federal Rule of Civil Procedure 60(b)(6) provides, "[o]n motion and just terms, the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding for . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6) (emphasis added).

**DISCUSSION**

Rule 60(b) provides that, on motion, the court may relieve a party from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) motions must demonstrate "that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (denying relief under Rule 60(b)(6) as well) (internal quotation and citation omitted)). A 60(b)(6) movant "must demonstrate a justification so compelling that the [district] court [is] required to vacate its order." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (quotation and citation omitted).

Here, Plaintiff brought four separate causes of action in its Complaint that demanded judgment against Defendant for a share of the $1,350,000 settlement it paid in the underlying lawsuit and/or the attorneys' fees incurred in that lawsuit. (Doc. 1). Plaintiff then moved for summary judgment as to Count I (Doc. 21), which the Court granted. The Court entered summary judgment in Plaintiff's favor as to

Count I and dismissed the remaining counts as moot in its order on March 30, 2026. (Doc. 59). That judgment was entered by the Court on March 31, 2026. (Doc. 60).

Pointing to Rule 60(b)(6) for relief from a final judgment in its Motion to Reopen Case and Reinstate Remaining Causes of Action, Plaintiff requests relief from the Court's summary judgment decision. (Doc. 78 at 7–10). Plaintiff argues that the remaining claims dismissed as moot in that summary judgment order were capable of "providing meaningful additional or alternative relief" and there were genuine issues of material fact remaining. (*Id.*). But the Court awarded Plaintiff the full $1,350,000 settlement amount Plaintiff had paid in the underlying lawsuit, in addition to attorneys' fees incurred. (*See* Doc. 1; Doc. 59 at 18). The Court awarded Plaintiff the full principal sum it had requested, rendering the remaining claims moot because there were no further damages for Plaintiff to seek. (*See* Doc. 1; Doc. 59 at 18). Plaintiff fails to demonstrate extraordinary circumstances that compel relief from the final judgment entered on March 31, 2026.

Separately, Plaintiff cites to Rule 54(b) for the proposition that the judgment entered on March 31, 2026, was *not* final and thus this Court could revise the order. (Doc. 78 at 4–5). Specifically, Plaintiff argues that because an amended final judgment as to prejudgment interest had not yet been issued at the time of filing its Motion to Reopen Case and Reinstate Remaining Causes of Action, "the case therefore remains in a procedural posture where the Court retains jurisdiction to proceed with the remaining counts." (*Id.* at 4).

Rule 54(b) states that a court can revise an order "that adjudicates *fewer than all* the claims . . . at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b) (emphasis added). In other words, Rule 54(b) only enables revision (1) where the judgment in question is not final and (2) before the entry of a final judgment disposing of all the claims. A final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir. 1983) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

Here, the Court notes that Plaintiff seeks simultaneous relief from the Court's summary judgment order under Rule 60(b)(6), which requires a *final* judgment, and Rule 54(b), which requires a judgment that is *not* final. And Plaintiff treated the judgment entered on March 31, 2026, as final under Rule 60(b)(6) in filings subsequent to the judgment. Plaintiff filed a Motion to Amend the Final Judgment to include an Award of Prejudgment Interest (Doc. 69) on May 12, 2026. On May 21, 2026, Plaintiff then proceeded to file a Joint Stipulation to Enter Amended Final Judgment. (Doc. 73).

In any event, the summary judgment decision on March 30, 2026, was a final decision. The Court entered summary judgment on Count I and dismissed the remaining counts as moot because the Court granted Plaintiff the full relief it sought. (Doc. 59 at 18). The decision adjudicated *all* the claims, "end[ing] the litigation on the merits." *See Mestre*, 701 F.2d at 1368. Therefore, the judgment closing the case entered on March 31, 2026, constituted a final judgment appealable

to the Eleventh Circuit that was in fact appealed. (Doc. 60; *see also* Doc. 64). Plaintiff fails to demonstrate that the judgment is one that is not final and can be revised under Rule 54(b).

Even if the summary judgment decision were not final and therefore subject to Rule 54(b), Plaintiff's Motion to Reopen Case and Reinstate Remaining Causes of Action would be moot in light of the Court's entry of the amended final judgment that includes prejudgment interest. (*See* Doc. 83). The Court entered an amended final judgment as of July 10, 2026, for the principal sum Plaintiff requested in its Complaint, together with prejudgment interest. (*Id.*). This decision adjudicates all the claims, "end[ing] the litigation on the merits." *See Mestre*, 701 F.2d at 1368. In that vein, Plaintiff's Motion for Entry of Judgment Under Rule 54(b) as to Count I Leaving Counts II, III, and IV Pending for Adjudication (Doc. 82) filed on July 8, 2026, is also **DENIED** as moot, in light of the Court's entry of the final amended judgment on July 10, 2026. (Doc. 83).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff's Motion to Reopen Case and Reinstate Remaining Causes of Action (Doc. 78) is **DENIED.**

(2) Plaintiff's Motion for Entry of Judgment Under Rule 54(b) as to Count I Leaving Counts II, III, and IV Pending for Adjudication (Doc. 82) is **DENIED as moot**.

**IT IS SO ORDERED** in Tampa, Florida, on November 6, 2026.

John L. Badalamenti

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE